UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY HUFF and FREEZATOR
LAWS HARDY,

      Plaintiffs,

v.                             CASE No. 8:07-CV-2191-T-17TGW

TAMPA GENERAL HOSPITAL,

      Defendant.
_____

## REPORT AND RECOMMENDATION

The affiant has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for her complaint against Tampa General Hospital (Doc. 2).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the affiant's affidavit is incomplete and inconsistent. The affidavit is incomplete in that it does not list the name of the entity to which mortgage payments are owed; it does not state the value, amount owed, or registration name for the listed automobile; and it omits the total debt and creditors' names for the listed credit card payments (Doc. 2, pp. 3-4). Furthermore, the affidavit is both inconsistent and suspect, because it lists approximately $2000 in monthly financial obligations, but states absolutely no source of income to meet those obligations (id., pp. 2-3).

Moreover, the affiant's complaint does not state a claim upon which relief may be granted (Doc. 1). The one-paragraph complaint does not state a cause of action. Based on the stated allegations, it appears that the claim is one for malpractice or wrongful death, both of which are based on state, not federal, law. The complaint also does not state the relationship between the affiant Mary Huff, and the deceased plaintiff Freezator Laws Hardy, that might provide the affiant with standing to bring suit on behalf of Hardy's estate. In fact, the complaint contains no statement of the grounds

upon which this federal court's jurisdiction depends, nor is there a short and plain statement showing that the plaintiff is entitled to some relief. Thus, the affiant has patently failed to satisfy the requirements of Rule 8, F. R. Civ. P.

For the foregoing reasons, I recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied and that the case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 11, 2007

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).